JEFFETT *v.* AMERICAN INSURANCE COMPANY OF TEXAS.

5-708                                                      280 S. W. 2d 395

Opinion delivered June 20, 1955.

*Dinning & Dinning,* for appellant.

*Burke, Moore.& Burke* and *Percy Fewell,* for appellee.

J. SEABORN HOLT, J.   De Soto Life Insurance Company of Little Rock issued its ''Non-cancellable Health and Accident Policy'' to Dr. W. F. Jeffett, appellant, December 1, 1943.   Dr. Jeffett became disabled within the provisions of the policy, and disability payments of $200.00 per month were made to him at intervals beginning November 15, 1944, (*De Soto Life Insurance Co.* v. *Jeffett,* 210 Ark. 371, 196 S. W. 2d 243), until October 15, 1949, when it was found that De Soto was in effect insolvent and owing $20,258.75 disability claims in excess

of its assets. At this junction De Soto reinsured its members (or policyholders) with appellee, American Insurance Company of Texas, a Texas Corporation, pursuant to Ark. Stats., §§ 66-254 to 66-256, by written agreement duly approved by the insurance commissioners of Arkansas and Texas. The re-insurance agreement contains this provision:

"Receipt by the Insured or the legal holder of such policy of any company Certificate of Assumption issued in pursuance to the provisions of this agreement, shall be deemed acceptance and ratification of this agreement and the insurance of such Insured's Association Policy by the Company Certificate in accordance with the terms of this agreement unless each Insured or the legal holder of any Association policy shall within sixty (60) days after the effective date of this agreement, return such Company Certificate to the company at its Home Office together with notice of his refusal to accept the company policy and make request for the payment of the actuarial portion of the net Mortuary and Disability Funds of Association, as hereinafter defined, apportionable to such member who refuses to accept the Certificate of Assumption offered him. In the event of such refusal and request, the Company will remit to any such insured or legal holder of said policy such actuarial portion."

This agreement was embodied in an Assumption Certificate, No. 1081, issued to Dr. Jeffett by appellee, American. Under the terms of this Certificate (1081) Dr. Jeffett was given a choice of proceeding against De Soto, taking his actuarial portion of the resources of this insolvent company, or of accepting Certificate No. 1081, under which appellee, American Insurance Company of Texas, assumed the obligations of De Soto Life Insurance Company of Little Rock to the extent stipulated in the re-insurance agreement and appearing in the certificate, but not to exceed $5,000 in the aggregate for any and all benefits, claims and indemnities of every kind.

Dr. Jeffett admitted that he received and accepted the Assumption Certificate No. 1081 knowing that Amer-

ican's (appellee) maximum liability was $5,000.00, and further that he filed a claim with appellee each month for $200.00 for a period of 24 months, for a total of $4,800.00, and that appellee paid him this amount ($4,800.00). Each of the drafts were identical except as to date, total previous payments, and balance due; for example, the May 2, 1950 draft was as follows:

"AMERICAN INSURANCE COMPANY OF TEXAS

Dallas, Texas      May 2, 1950

"Pay To The Order of      Dr. W. F. Jeffett - - $200.00

American Ins. Co. of Tex.      $200 and 00 Cts.      DOLLARS

For Value Received and Charge the Same to Account of

Claim for one month's disability certificate No. 1081 with original coverage of $5000.00 Maximum less this payment and previous payments of $1000.00 reducing balance of benefits on said certificate to a maximum of $3800.00 in the aggregate."

When American sent to appellant its twenty-fifth and last draft for $200.00, dated December 3, 1951, it was refused by appellant because it contained the following words: "In full and final settlement of any and all claims of any kind and character against the American Insurance Company of Texas under Certificate No. 1081." It is conceded that Dr. Jeffett had overpaid his insurance premiums in the amount of $20.00.

The present suit was filed July 25, 1953, by appellant against American Insurance Company of Texas for alleged monthly benefits claimed to be due. The complaint contained this recital:

"That the defendant now is in arrears in the payment of its monthly benefits under the terms of the policy for the period of twenty (20) months and is now indebted to the plaintiff in the sum of Four Thousand Dollars ($4,000.00), by reason of such default less the sum of One Hundred Eighty Dollars ($180.00) which is the

amount required to have been paid by the plaintiff as the premium to maintain said policy of insurance in full force and effect.

"WHEREFORE PREMISES CONSIDERED, the plaintiff prays judgment against the defendant for the said sum of Three Thousand Eight Hundred Twenty Dollars ($3,820.00) together with the statutory penalty of 12% and a reasonable attorney's fee, together with all costs herein expended."

Appellee answered denying liability and in a cross complaint sought to recover the $4,800.00 paid appellant. On a trial before the court (jury having been waived) the court found:

"That plaintiff overpaid the amount of premiums due defendant over the period of twenty-five months in the sum of $20.00 which amount defendant tendered to plaintiff at the trial of this cause. Defendant also tendered to plaintiff at the trial the sum of $200.00 representing the last of 25th monthly payment under the assumption certificate. That defendant owes to plaintiff the sum of $220.00.

"And the Court makes the following conclusions of law:

"That the actions of plaintiff amounted to a legal acceptance of the Certificate of Assumption issued by the American Insurance Company of Texas and is bound by the terms thereof. A party to a contract cannot accept the benefits of a contract and at the same time repudiate it nor can he accept a part of the contract and repudiate a part, but he must accept or reject the whole contract.

"That defendant, having approved and paid monthly claims for benefits to plaintiff is now estopped from claiming that plaintiff was not permanently disabled during the period of time for which it paid him and should take nothing by their cross action.

"IT IS THEREFORE considered, ordered and adjudged that plaintiff have and recover of and from the

defendant the sum of $220.00 which has been tendered to plaintiff by defendant and that defendant take nothing by its cross action which is hereby dismissed.''

This appeal followed. There is no cross appeal. We hold that the findings of the trial court are supported by the evidence and that the judgment is correct.

For reversal appellant contends in effect that appellee, American Insurance Company of Texas, when it took over De Soto, as above pointed out, became liable for all matured and outstanding claims then owing by De Soto and had no right to limit the amount it would pay in satisfaction of such matured claims and that appellant was not estopped in any manner. In a situation similar in effect to the present case the Supreme Court of Iowa, *Garretson* v. *Western Life Indemnity Co.*, 175 Iowa 172, 157 N. W. 160, announced the general rule in this language:

''The general rule as to reinsurance contracts is that the reinsurer is to be held liable either under its reinsurance contract or upon a subsequent agreement made between it and the assured, and that assured has the right to accept the reinsurance offered him, or to sue the original company for damages. If he accepts the reinsurance contract and pays premiums to the reinsurance company, he is bound by the terms of the reinsurance contract, and cannot recover of the reinsuring company on the old policy unless the reinsurance contract in terms, or by necessary implication, contains an agreement to assume or be responsible on the policy reinsured.'' See *Central States Life Ins. Co.* v. *Morris,* 202 Ark. 969, 155 S. W. 2d 333.

Here it is undisputed that appellant accepted the Assumption Certificate No. 1081, regularly paid all premiums to American, accepted the benefits under said certificate for a period of twenty-four (24) months. He thus made his choice and is bound thereby. In *Northwestern Nat. Life Ins. Co.* v. *Gray,* 161 Fed. 488, (Eighth Circuit Court of Appeals) it was held in effect that a policyholder, in a similar situation such as here, when

two insurance companies entered into a re-insurance contract under which one transfers its assets to the other and ceases business, while the other assumes such contract upon terms agreed upon, if the policyholder accepts the re-insurance offer he is bound by the terms of the contract between the two companies. In the opinion we find the rule stated in this language:

"Without hesitation, so far as this record discloses, and presumably with full knowledge of the provision made for him in the event he concluded not to accept the proposition, and with like full knowledge of the remedies available to him for the breach of his contract, Gray elected to accept and did accept the terms offered to him by the new company. He entered upon the performance and continued in the performance of the terms agreed upon for a period of four and one-half years, until his certificate matured. This amounted to a novation, a new contract voluntarily entered into by Gray, and he cannot now repudiate it. His election was final and conclusive."

Finding no error, the judgment is affirmed.